IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                    No. CR 02-1020 JB

MARY HERNANDEZ-FLORES

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Defendant Mary Hernandez-Flores' oral motion for a downward departure that she made at her sentencing hearing. The Court considered this motion at Hernandez-Flores' sentencing on March 2, 2005. The primary issue is whether Hernandez-Flores' criminal history category "substantially over-represents the seriousness of [her] criminal history or the likelihood that [she] will commit other crimes." U.S.S.G. § 4A1.3(b)(1). Because the Court concludes that Hernandez-Flores' criminal history category does not substantially over-represent her criminal history, the Court will deny the motion for downward departure.

## BACKGROUND

On August 6, 2002, Hernandez-Flores pled guilty to: (i) Possession With Intent to Distribute 100 Kilograms or More of Marijuana, in violation of 21 U.S.C. § 845; (ii) Importation of More than 100 Kilograms of Marijuana and Aiding and Abetting, in violation of 21 U.S.C. § 952(a), 21 U.S.C. § 960(a)(1) and (b)(2), and 18 U.S.C. § 2; and (iii) Possession With Intent to Distribute 100 Kilograms and More of Marijuana and Aiding and Abetting, in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(B) and 18 U.S.C. § 2. See Presentence Investigation Report ¶¶ 2, 3, at 3,

disclosed November 14, 2002 (hereinafter "PSR").

The Presentence Investigation Report ("PSR") assigned Hernandez-Flores a total offense level of 20, see PSR ¶ 22, at 7, and a criminal history category of III, see id. ¶ 43, at 11. The PSR indicated that Hernandez-Flores received five criminal history points for five separate convictions. Those convictions included: (i) a Larceny Under $250 conviction, see id. ¶ 37, at 10; (ii) a Possession of Cocaine conviction, see id. ¶ 40, at 10-11; and (iii) three shoplifting convictions, see id. ¶¶ 38, 39, 41, at 11-12. Based on § 4A1.1(c) of the United States Sentencing Guidelines (the "Guidelines"), the PSR only counted four criminal history points in arriving at a criminal history category of III. See PSR ¶ 42, at 11; U.S.S.G. § 4A1.1(c). Under the Guidelines, Hernandez-Flores' sentence range is 41 to 51 months. See id. ¶ 61, at 17. The statutes of conviction, however, require a minimum sentence of 60 months. See id. With four criminal history points, Hernandez-Flores' did not qualify for the safety valve exception. See U.S.S.G. § 5C1.2(a)(1).

Hernandez-Flores did not file any written objections to the PSR. At the sentencing, the Court asked two times whether Hernandez-Flores had any problems with the PSR or with the way that Probation had calculated the Guideline sentence. See Transcript of Hearing at 14:13-19 (dated March 2, 2005)(hereinafter "Transcript"); id. at 14:23 - 15:2.[1] Hernandez-Flores responded that she had not objections to the PSR or to the Guideline calculations. See id. at 14:19; id. at 15:2. The Court specifically inquired whether Hernandez-Flores had any problems with the way that Probation had counted the larceny and shoplifting convictions in determining her criminal history. See id. at 14:13-16. Hernandez-Flores did not have any objection to Probation's calculation of her criminal

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any finalized transcript may contain slightly different page and/or line numbers.

history.  See id. at 14:19.

Before the sentencing, Hernandez-Flores did not file a written motion for a downward departure.  At the sentencing hearing, however, Hernandez-Flores orally moved for a downward departure on her criminal history category.  See Transcript at 14:11 - 15:2.  She argued that the Court should treat her as having a criminal history category of I.  Hernandez-Flores asserted that, with a criminal history category of I, she would be eligible for the safety valve exception.

In support of her motion for a downward departure, Hernandez-Flores argued that the Court should disregard the three convictions for shoplifting and the conviction for larceny.  She argued that any criminal history came to an end over six years ago because her convictions occurred over six years before she committed the federal offenses.  See Transcript at 7:4-9.  She also argued that the convictions involved small amounts of money or property and she received only small fines for three of the offenses -- $100.00, $65.00, and $150.00 respectively -- and five days in custody for the other offense.  See id. at 7:14-22.  Hernandez-Flores also asked the Court to note that she was not represented by counsel during those proceedings.[2]  See id. at 7:18-20.

Hence, Hernandez-Flores did not challenge the PSR's calculation of her criminal history.  See id. at 8:6-8.  The Court repeatedly questioned whether she disputed that the offenses could be counted as part of the criminal history and she indicated that the PSR correctly counted the offenses.  See id. at 14:13-19, id. at 14:23 - 15:2.  Accordingly, the Court adopted the PSR as the Court's findings of fact and Guideline calculation.  See id. at 21:8-11.

---

[2] The PSR states: "Attorney representation has not been determined."  See PSR ¶¶ 37, 38, 39, at 10.

**CRIMINAL HISTORY CALCULATION**

A defendant's criminal history category is calculated using the formula set out in § 4A1.1 of the Guidelines. Section 4A1.1 states:

The total points from items (a) through (f) determine the criminal history category in the Sentencing Table in Chapter Five, Part A.

(a) Add 3 points for each prior sentence of imprisonment exceeding one year and one month.

(b) Add 2 points for each prior sentence of imprisonment of at least sixty days not counted in (a).

(c) Add 1 point for each prior sentence not counted in (a) or (b), up to a total of 4 points for this item.

(d) Add 2 points if the defendant committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status.

(e) Add 2 points if the defendant committed the instant offense less than two years after release from imprisonment on a sentence counted under (a) or (b) or while in imprisonment or escape status on such a sentence. If 2 points are added for item (d), add only 1 point for this item.

(f) Add 1 point for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under (a), (b), or (c) above because such sentence was considered related to another sentence resulting from a conviction of a crime of violence, up to a total of 3 points for this item. Provided, that this item does not apply where the sentences are considered related because the offenses occurred on the same occasion.

U.S.S.G. § 4A1.1.

The Commentary to § 4A1.1 explains that: "Prior sentences, not otherwise excluded, are to be counted in the criminal history score, including uncounseled misdemeanor sentences where imprisonment was not imposed." U.S.S.G. §4A1.2 backg'd. The United States District Court for the Tenth Circuit instructs that: "'[A]n uncounseled misdemeanor conviction, valid under Scott [Scott

v. Illinois, 440 U.S. 367 (1979)] because no prison term was imposed, is also valid when used to enhance punishment at a subsequent conviction.'" United States v. Miller, No. 97-3165, 1998 U.S. App. LEXIS 7433, *10 (10th Cir. April 13, 1998)(unpublished)(citations omitted)(quoting Nichols v. United States, 511 U.S. 738, 748-49 (1994)).

The Guidelines provide for downward departures from a defendant's calculated criminal history category. A court may conclude a downward departure is warranted "[i]f reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(b)(1). A court may not however, depart below a criminal history category of I. See U.S.S.G. § 4A1.3(b)(2)(A). The Commentary to § 4A1.3 offers an example of when a downward departure may be warranted: "[I]f for example, the defendant had two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period." U.S.S.G. § 4A1.3 n3.

A defendant whose criminal history category is reduced to I under § 4A1.3, however, "does not meet the criterion of subsection (a)(1) of § 5C1.2 (Limitation on Applicability of Statutory Maximum Sentences in Certain Cases) if, before receipt of the downward departure, the defendant had more than one criminal history point under § 4A1.1 (Criminal History Category)." U.S.S.G. § 4A1.3(b)(3)(B).

## THE "SAFETY VALVE" EXCEPTION

Section 5C1.2 of the Guidelines provides an exception to the statutory minimum sentences under 21 U.S.C. §§ 841, 844, 846, 960, or 963. If a defendant meets certain criteria, a court will impose a guideline sentence and not a statutory minimum sentence. See U.S.S.G. § 5C1.2(a). To

receive the safety valve exception, the defendant must meet the following criteria:

> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines before application of subsection (b) of § 4A1.3 (Departures Based on Inadequacy of Criminal History Category);
>
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (3) the offense did not result in death or serious bodily injury to any person;
>
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848; and
>
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

U.S.S.G. § 5C1.2(a). The Application Notes explain that: "'[M]ore than 1 criminal history point, as determined under the sentencing guidelines,' as used in subsection (a)(1), means more than one criminal history point as determined under § 4A1.1 (Criminal History Category) before application of subsection (b) of § 4A1.3 (Departures Based on Inadequacy of Criminal History Category)." U.S.S.G. § 5C1.2 n1. Thus, "a reduction of a defendant's criminal history category under § 4A1.3 is irrelevant to his eligibility for the safety valve provision." United States v. Villalobos-Reyes, No. 99-2307, 2000 U.S. App. LEXIS 3157, *5 (10th Cir. Mar. 1, 2000)(unpublished). See also United States v. Arciga, No. 03-7089, 105 Fed. Appx. 261, 264 (10th Cir. Aug. 2, 2004)(unpublished); United States v. Owensby, 188 F.3d 1244, 1246-47 (10th Cir. 1999).

**ANALYSIS**

Hernandez did not object to the PSR's calculation of her criminal history category, and Probation's calculations are correct. The Court does not believe that a downward departure is warranted. Moreover, a downward departure would not make Hernandez-Flores eligible for the safety valve exception.

**I.    THE PSR CORRECTLY ASSIGNED HERNANDEZ-FLORES FOUR CRIMINAL HISTORY POINTS**.

Hernandez-Flores did not object to the PSR's calculation of her criminal history category. The Court will nonetheless explain why the calculation is correct. The PSR assigns five criminal history points for five separate convictions: (i) a Larceny Under $250 conviction, see PSR ¶ 37, at 10; (ii) a Possession of Cocaine conviction, see id. ¶ 40, at 10-11; and (ii) three shoplifting convictions, see id. ¶¶ 38, 39, 41, at 10-11. Hernandez-Flores was represented by counsel for the Possession of Cocaine conviction, but not for the other four convictions. She was incarcerated five days for one of the uncounseled shoplifting convictions. For all the other convictions she was fined, not incarcerated.

The PSR properly assigned a criminal history point to the Possession of Cocaine conviction. The PSR also properly assigned points for the uncounseled misdemeanors where imprisonment was not imposed: the Larceny Under $250 conviction and two of the shoplifting convictions. The PSR incorrectly assigned points to the uncounseled misdemeanor conviction resulting in five days incarceration. See U.S.S.G. § 4A1.2 backg'd; United States v. Miller, 1998 U.S. App. LEXIS 7433, at *10. Nonetheless, the criminal history category is calculated correctly because the PSR counts only four points because of the limitation under § 4A1.1(c). A calculation of four criminal history points and the resulting criminal history category of III are correct.

## II.    A DOWNWARD DEPARTURE IS NOT WARRANTED.

The Court concludes that a downward departure is not warranted in this case. The Court does not believe that the criminal history category "substantially over-represents" Hernandez-Flores' criminal history. Unlike the example given in the commentary for § 4A1.3, Hernandez-Flores' criminal history does not consist of two minor misdemeanor convictions almost ten years ago. Hernandez-Flores has four convictions for which the PSR properly assigned criminal history points. These convictions occurred approximately six years before the instant offense. The PSR also lists thirteen other convictions for which Hernandez-Flores did not receive criminal history points. Given her lengthy criminal history, the Court does not believe the criminal history category over-represents Hernandez-Flores' criminal history or her likelihood to commit other crimes.

Hernandez-Flores' request for a departure is denied. The Court is troubled by Hernandez-Flores' lengthy criminal history. In any case, assuming that the Guidelines authorize Hernandez-Flores' request, the Court chooses not to depart because it does not believe departure is warranted under the facts and circumstances here. Unfortunately, many defendants appearing before the Court have many misdemeanors. The Court is having difficulty distinguishing Hernandez-Flores from many others who appear before the Court. Her case fits into the heartland of cases the federal court sees. Thus, even if departure is authorized under the facts of this case, the Court would exercise its discretion not to depart because this case remains in the heartland of cases before the federal court.

## III.   A DOWNWARD DEPARTURE WOULD NOT MAKE HERNANDEZ-FLORES ELIGIBLE FOR THE SAFETY VALVE EXCEPTION.

Even if the Court were to grant the motion for downward departure, Hernandez-Flores would not be eligible for the safety valve exception. Eligibility is determined based on the criminal history points assigned under § 4A1.1, not § 4A1.3. See U.S.S.G. § 5C1.2 n1. Because the Court

concludes that the PSR properly assigns Hernandez-Flores four criminal history points, a downward departure under § 4A1.3 would not entitle her to the safety valve exception.

**IT IS ORDERED** that Defendant's oral motion for downward departure is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

David C. Iglesias
  United States Attorney
    for the District of New Mexico
Randy M. Castellano
  Assistant United States Attorney
Las Cruces, New Mexico

    *Attorneys for the Plaintiff*

Michael T. Garrett
Clovis, New Mexico
    *Attorney for the Defendant*